(132 So. 410)

**O'SULLIVAN et al. v. WHITE.**

No. 30809.

Jan. 5, 1931.

Rehearing Denied Feb. 2, 1931.

■

Andrew B. Booth, Jr., and Pierre D. Olivier, both of New Orleans, for appellants.

James N. Brittingham, Jr., of New Orleans (Arthur B. Leopold, of New Orleans, of counsel), for appellee.

ROGERS, J.

This is a suit by the four children and heirs of Patrick D. O'Sullivan, who died in the city of New Orleans on June 29, 1917. The suit was filed on May 9, 1928, and has for its object the annulment of an instrument purporting to be a deed under private signature executed by Patrick D. O'Sullivan to Robert M. White and the erasure from the parish records of the inscription of the deed. The land described in the instrument is situated in the parish of Plaquemines and comprises about 5,000 acres.

Plaintiffs allege that the deed, the existence of which they only discovered about six years after their father's death, was a fraud practiced on their deceased father as well as on themselves by the defendant, Robert M. White. They allege that their father was

in a comatose condition on the day the deed bears date; that he never executed the deed nor acknowledged its execution; that the execution of the deed was not witnessed by the witnesses whose names appear thereon as such, nor was it proved by the oath of either of the said witnesses prior to its recordation. In the alternative, plaintiffs averred that no consideration passed between the parties to the deed.

Defendant answered, denying the allegations of fraud alleged by plaintiffs as well as the other allegations of plaintiffs relative to the physical condition of their father and the nonexecution of the deed; averring that he was the record owner of the property under the deed, which was duly recorded in the parish of Plaquemines. Defendant also denied that the deed was without consideration. He specifically averred that he acquired the property claimed by plaintiffs over twenty-five years ago. That on May 5, 1904, for convenience, he transferred the property to one Anthony M. Massich, and that Massich, for convenience, transferred the property to Patrick J. O'Sullivan on July 8, 1915, both of said transfers being duly recorded in the parish records. That Patrick J. O'Sullivan never parted with any consideration for the property; never exercised any ownership therein or thereon, and at no time during his lifetime claimed to be the owner thereof, all to the knowledge of the plaintiffs. That since the date of his original acquisition of the property, including the period the property stood on the records in the names of Massich and O'Sullivan, for convenience only, defendant has been in open, continuous, uninterrupted, peaceful, and public possession of the property, paying all taxes thereon; that he caused the lands to be posted, cut willows thereon, and leased a portion of the property to various persons for trapping purposes. That plaintiffs are not in good faith in instituting this suit, having permitted more than ten years to elapse since the death of their father.

The answer was sworn to by the defendant, Robert M. White, on June 30, 1928, and was filed on July 2, 1928. Mr. White died on July 20, 1928, and his succession, through the public administrator for the parish of Orleans, was made a party defendant, with whom a trial of the issues presented was had. The court below rendered a judgment in favor of the defendant succession, rejecting plaintiffs' demands, and plaintiffs have appealed.

The signature of P. D. O'Sullivan to the deed to White was made by his mark. F. F. Jewett and M. C. Biecker are the witnesses whose signatures appear on the instrument. On March 21, 1923, Robert M White, the vendee, executed an affidavit before a notary public of the city of New Orleans, in which he swore that the signature and mark of O'Sullivan, the vendor, and the signatures of Jewett and Biecker, the witnesses, are those of the parties; "that he was present at the time of signing of said act by the parties." The deed with the affidavit of White attached was recorded in the parish of Plaquemines on March 22, 1923, in C. O. B. 58, folio 350.

The original defendant, Robert M. White, died before his testimony could be taken, and the whereabouts of F. F. Jewett, one of the witnesses to the deed, was unknown. But our examination of the evidence which was adduced on the trial of the case has led us to the conclusion that the judgment appealed from is correct.

The deceased Patrick D. O'Sullivan for two years prior to and at the time of his death was a roomer in the rooming house operated by Mrs. Katherine Murray at No. 846 Camp street in the city of New Orleans. Two of

O'Sullivan's daughters, Mrs. Breaux and Mrs. Love, resided with their father and nursed him during his last illness. Jewett and Biecker, the witnesses to the deed, also occupied rooms in the same house. Biecker was found and placed on the stand as a witness for the defendant. The testimony satisfies us that, although Patrick D. O'Sullivan was able to read and write, he affixed his mark to the deed to stand for his signature, because he was too weak to sign his name, but was not too ill to understand what he was doing. That O'Sullivan affixed his mark to the deed in the presence of Robert M. White and his two daughters, Mrs. Breaux and Mrs. Love, who immediately came down stairs from the second floor where O'Sullivan's room was situated with the document which they presented to Jewett and Biecker, who were then in a rear room on the ground floor in the premises No. 846 Camp street, with the request that they witness it which they did, after Biecker had inquired of O'Sullivan's daughters if it was proper for them to witness the instrument and had received an affirmative reply, coupled with the statement that there would not be any further trouble. And there was every reason why, in the interest of fair dealing, O'Sullivan should have executed the deed to White. The property was originally acquired by White, who, in 1904, transferred it to Anthony M. Massich. No consideration passed between the parties to this sale, the conveyance being made to Massich simply for the convenience of White. In 1915, White caused Massich to deed the property to Patrick D. O'Sullivan. This sale was also without consideration and was executed merely to suit the convenience of White, so that the effect of the deed under attack herein was to place the title of White's own property back in White. O'Sullivan and White had been friends of many years' standing. White visited O'Sullivan almost every day during his illness, the deed being hurriedly executed apparently when the parties finally realized that the death of O'Sullivan was only a matter of a few days thereafter. It is true that White did not record the deed for a period of about six years after its execution, but doubtless he had a good reason for this delay, which is not so important, in view of the fact that White apparently exercised all the rights of ownership on the property. It is highly significant, however, that plaintiffs waited more than five years to institute this suit, after, according to their own contention, they first learned of the execution of the deed. The result of this delay being that, owing to the death of White, his heirs were deprived of his testimony, which, no doubt, as shown by the allegations of his sworn answer, would have amply supported his claim that the deed herein attacked was valid.

For the reasons assigned, the judgment appealed from is affirmed.